Our next case for argument is 21-2288 Cox v. McDonough. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Hugh Cox. This matter concerns a question of whether or not the provisions of 38 CFR 20.609 control the review of Mr. Cox's fee agreement or whether or not the provisions of the successor provision at 38 CFR 14.636i control. The relevant section under 20.609 is subsection F and it provided for reasonableness review of fee agreements by the Board premised upon Congress' explicit grant of sua sponte jurisdiction to the Board of Veterans' Appeals. In other words, Congress specifically by statute authorized the Board in the first instance to review fee agreements. Congress changed that provision and repealed that provision and as a result the provisions of 38 CFR 20.609 had to be rewritten by the Secretary and placed in a different section of the VA regulations in Chapter 14. They appeared in Chapter 14 because when Congress amended the statute, Congress provided that the review would not be undertaken by the Board in the first instance for the question of reasonableness but would be required by statute to be undertaken by the Secretary. The Secretary then delegated that responsibility to his Office of the General Counsel. The Office of the General Counsel then assumed responsibility pursuant to 38 CFR 14.63i for the review of fee agreements. In this case, there were three fee agreements. Let's assume that you're wrong and that the old version of the regulation applies to this case. Let's assume that you're wrong about that and that the old version of the regulation applies to this case. If I understand correctly, you're saying that the Board has no authority to enforce the fee agreement and that what, the fee agreement should be enforced in state court? Yes. That's your view? Yes. And why isn't the fee agreement relevant to what's reasonable, what's a reasonable fee? Well, it is relevant to what's a reasonable fee, but the question is whether or not after the amendment of the statute and the creation of 14.636, the parties were required to comply with, and in this case, that would have been the Office of the VA General Counsel and Mr. Brinkley. I asked you to assume the old version applies. The old version. Oh, I'm sorry. With that hypothetical. What is the argument in your brief? You have an alternative argument. You say if the old regulation applied, my understanding was that your brief says the mistake was that the Board misapplied the presumption. That's correct. And that your alternative argument was limited to that. Yes, and I'm sorry. I didn't understand you to be arguing that the Board lacked the power to do what it did in terms of looking at the substance of the contractual terms. Yes, that's correct. The argument made in the alternative assumes that that provision is valid, but there are other provisions of 20.609 that specifically authorize or require that the Secretary presume that the fee called for in the fee agreement is reasonable, and that until that presumption is rebutted, it is not appropriate to make review of the terms of the fee agreement. What's the fee provided in the agreement? What the Veterans Court found is that the agreement provides no fee under these circumstances. I'm sorry, Your Honor, but what the fee agreement said was is it would be a quantum merit determination based upon the work that was performed. No, it says that only if he's discharged without cause, not if he's discharged with cause. Okay, and in that circumstance, that is an inquiry that is beyond the authority of the Board to make.  No, Your Honor, I did not. I was simply responding to the question that was posed. As you know, we sometimes have questions about what arguments you're actually making, because if you're talking about whether or not the state's question, you're not raising that question. No, not in this matter. My understanding was that the debate you were having with Judge Dyke was brushing right up against the state's question, which is whether or not the authority of the Board under the old statute and the old regulation was limited strictly to determining whether or not a fee was reasonable or excessive, not whether or not anyone was entitled to a fee. That's correct, and the decision in this case that was appealed by Mr. Brinkley was on the question of entitlement. The question of reasonableness was not presented to Mr. Cox as part of that appeal. There has to be some kind of notice and opportunity to respond by Mr. Cox when the Board is going to undertake that authority, even if it is pursuant to the agreement. This discussion is all outside the limits of the issue you've presented here, which is in the hypothetical that the old regulation applied, your only contention was that the Board misconstrued and misapplied the presumption in the statute and the regulation that the fee is reasonable if it's only 20%. Right, and that argument is made in the alternative, and this appeal, in our judgment, relies upon whether or not the Veterans Court erred as a matter of law when it concluded that the provisions of 20.609 controlled, and the provisions of 20.609 could not possibly have controlled since that regulation was both repealed by the Secretary and was not operable. Can I ask a question about the previous appeal in this case? Yes. In the previous appeal, your argument was that the remand order from Judge Greenberg saying please go back and look at the question of the contract terms dealing with what would happen if there had been a dismissal of the counsel for cause. Yes. So that's what Judge Greenberg wanted them to look at. Yes. And so the first question on that initial appeal was whether or not we had jurisdiction under Williams, whether we satisfied that test. And doesn't the Rule 36 judgment tell us that we decided we had jurisdiction? We did not dismiss the case for wanted jurisdiction. As I reflect upon it now, that is certainly an inference. We affirm. We affirm. Right. Well, except that I did not read. No, you don't. If you don't have jurisdiction, you can't affirm. If a court lacks jurisdiction, I mean, being technical, you dismiss for wanted jurisdiction. You don't affirm. Correct, Your Honor. Right? So we affirmed. And what I understood the court. My next question is was the question of whether the old regime or the new regime applied, was that an issue in the initial, in the first appeal? I don't believe it was, Your Honor, because. Wait, wait, wait. Didn't you argue in favor of the new 14256? I did, Your Honor, because I believe that that was part of the reason why the remand was. So your blue brief put that issue in question, which regulation? In the first appeal. In the first appeal. That's correct. But that. And the government argued, oh, no, no, no, the old regulation applies. And there's some issue about whether you walked it back or what did you do in your reply brief. We couldn't understand what you were saying. Right? But nonetheless, could we have affirmed, could we have allowed the case to go back to the board without adjudicating that question that was presented to us, which is does the old apply or the new apply? If the new applies, you don't go to the board. You go to the secretary. Correct. So it wasn't the old board and new board issue necessarily decided when we affirmed and allowed the case to go to the board. My answer is there were several arguments being made there, and the affirmance doesn't tell us which argument was adopted. That's correct, Your Honor. There were not several arguments as to which regime applied. No, Your Honor, but by the same token, I do not with the Rule 36 single page order have any insight into that was the decision of the panel. Well, how could the case have gone back to the board if the board didn't have jurisdiction? How could we possibly – What I understood the court to be affirming was the remand order, that the remand by the Veterans Court – And the remand was to send the case to the BVA with the instruction. Correct. Yes. Right. And no one was arguing that the instruction was illegal. No one was challenging saying that Judge Greenberg had the wrong ground for the remand. It was a pure question. Should this case go back to the board? Yes. And the argument that you made in your book was no, no, no. No, it doesn't go to the board. The board doesn't have jurisdiction. Yes. Right. Yet we let the case go back to the board. And there wasn't any alternative argument about that, about which regime applies. No, Your Honor. But at that point, that was a single-judge disposition that had no precedential value. That doesn't make any difference. Well, I believe it does, Your Honor, because when it then went back and the board exercised its jurisdiction and made its decision – Well, the only question is, does the board have the authority, yes or no? And you chose to ask us, even though it was a remand order and the decision wasn't final, you asked us to decide that issue, yes or no. Because if you had prevailed in your initial appeal, then guess what? We wouldn't be here. Because the answer would have been, can't go to the board, and guess what? It was too late to go to the secretary. Right? Correct, Your Honor. So it was a total, you're going to absolutely win if you were right. Absolutely win, no question about it. No other issue involved, just the question of, does it go to the board, yes or no? And if we affirm, as opposed to dismiss the one in jurisdiction. On a different issue, I just did want to say one thing. Mr. Carpenter, you're usually really good with rules and regs, and you're I was a little disappointed in your brief when you said after, you know, extensive searching, you were unable to find any rule that should have caused you to disclose the related appeal. You said you were unsuccessful in finding any rule that would have required you to disclose it. 47.5 is directly on point and would have required you to disclose it. So you're usually pretty good. I mean, is there something about 47.5 I'm missing when it requires you to disclose related cases? No, Your Honor. And that is my misunderstanding of this being a related case. To the extent that I didn't properly There was a prior appeal involving the merits of the very case that is now before us on attorney's fees. And respectfully, Your Honor, I And you cited the vacates and remands for that prior case. And it was my error to have omitted it because I understood the disposition to be one on the Williams criteria. That was my mistake. The disposition that has nothing to do with something is a related case or not. Right. And I was just surprised that instead of just saying, sorry, I should have disclosed it and didn't, you said there's no rule that would have required you to disclose it. And I think that's clearly wrong, and I would urge you not to do that again. Okay. I would not. Mr. Kushner. Thank you, Chief Judge. Good morning, and may it please the Court. There are two things that are uncontested in this case. The first one is that Mr. Cox was fired for good and adequate cause by Mr. Brinkley because Mr. Brinkley found Mr. Cox's representation deficient. The second is that the fee agreements plainly read do not entitle Mr. Cox to any fee whatsoever under the circumstances of this case. So is it your argument that determining the reasonableness of the fee, which the Board is clearly required to do, includes determining whether it should be zero? Absolutely. Back up a moment. The Board does not have the authority to enforce fee agreements, right? To enforce, you say? Yes. Well, Judge Dyck, I think it depends on what you mean by enforced fee agreements. Are you familiar with this? Strangely enough, there's an earlier case involving, argued by Mr. Carpenter involving the same Mr. Cox and involving a fee, which is at 149 Fed Third 1360. I don't know whether you're familiar with that case, but as I understand that case, it holds that the Board does not have the authority to enforce fee agreements. So whether the Board has authority to enforce fee agreements, putting that question aside, the Board certainly has authority. What's the position? Do you agree that the Board can enforce fee agreements? I mean, that's not to say that the fee agreement is not relevant to reasonableness. I understand that's your position, but that seems to me a different approach. So to be honest, Judge Dyck, I'm not as familiar with the earlier Cox decision that this is not a case we cited in our briefing. Really? It deals with the authority of the Board. Right. The question in this case is whether or not the Board had authority to do what it did. What the Board did here was decide that a contract, when you interpret the contract, it says no fee could be reasonable. Right. And reasonableness is something the Board is able to determine. And in that context, wasn't the Board enforcing the contract? Well, we think what the Board was doing was determining reasonableness, as it is a law. In passing, whether or not you should have known about Cox. Has the Skates question ever been resolved? And I'm sorry, Your Honor, can you elaborate on what the Skates question is? You don't know what the Skates question is? There are a few questions in Skates. What was the question in Skates that came before this court? Well, the way we read Skates, Skates was about whether it is the Board or the RO that should be the initial body to determine whether a fee is reasonable or not under the old regime. And that's whether or not the Board had authority to do what it did, right? Whether the Board had authority to do what it did.  That's right. That's correct. And so in Skates, what this court said is... We ducked the question? Ducked the question, but in ducking the question, the court also said is that, yes, the Board has original jurisdiction over reasonableness questions. So we said in that particular case, Judge Freeman wrote for the court, it seems appropriate to have the RO do it. That's correct. So this court never decided whether the Board has the authority in the initial instance as opposed to the RO, right? The way we read Skates, we think... But isn't the question still open because we ducked the question in Skates' opinion? It can be said that the question is still open. How can you say the question was decided when we said it wasn't? Well, because in Skates, the court said that the Board has two different types of jurisdiction. It has original jurisdiction under Section 5904 of Title 38 to review fee agreements and determine whether the fee called for is excessive or unreasonable. And it has appellate jurisdiction, which is broader, under Section 7104 and 511 of Title 38 to make determinations about all questions in a matter involving the provision of fees to veterans. So the way we read Skates and the way we read Section 5904, the Board clearly does have original jurisdiction to review questions about reasonableness. Skates was a bit unique because there, there were some factual questions that remained unresolved. And this court said those questions are best resolved by the RO in the first instance. Here there's no factual questions. It is, as I said, undisputed at this stage of the litigation that Mr. Cox was fired for good and adequate cause. And it is undisputed that the Board correctly interpreted the fee agreements between Mr. Cox and Mr. Brinkley. So all of those factual questions are no longer relevant. So at this point, all that remains is to decide whether a fee agreement of 20% based on those undisputed facts is a reasonable fee. And we think under 5904 and under the regulatory provision 20.609, that is something that the Board certainly has within its jurisdiction to decide. Well, let's assume that the Board can determine questions of reasonableness. The problem here, it seems to me, is I read the Board's decision not as making a reasonableness determination, but as saying that the fee agreement is a barrier to the recovery of any fee. And I'm not sure that the Board has authority to do that. So in Skates, this Court said that the line between reasonableness and entitlement is not a very bright line. It all depends on how someone, in this case the Board, frames the issue. Is it framed in terms of the attorney not being entitled to the fee, or is it framed in terms of it's not being reasonable for the attorney to recover a 20% fee? Either way... That's your interpretation of Skates. That particular language isn't in Skates, how the issue was presented. That wasn't Skates, Your Honor. Skates doesn't say, well, you allow the petitioner to frame whether this is reasonableness or entitlement. It doesn't say who frames? That's what I mean. You're putting a gloss on what you think Skates means? In a way, I certainly am. Skates simply says it's a hard line to draw. That's right. That's correct, Your Honor. And the subsequent line after that is the court in Skates saying it's all about how the issue is framed, and we think that's correct too. But again, Judge Dyck, answering your question, that's the Board's original jurisdiction under 5904. The Board also has broader appellate jurisdiction under 7104 and 511, which allows the Board to resolve all questions in a manner involving the provision of fees to a veteran. Yeah, but I'm not sure that that gives them the authority to enforce the fee agreement. And you sort of passed on the question of whether the VA does have that authority earlier. Are you saying that the VA has the authority to enforce fee agreements? To the extent that the fee agreements speak to the reasonableness of a fee, then yes, they do. Okay. That's a more limited question. So I guess what I'm saying is, assuming that the Board's authority is limited to determine a question of reasonableness, is it appropriate for the Board to say, the fee agreement says X, that's the end of the matter, we're not going to look beyond that? Or should the Board under those circumstances be saying, the fee agreement is just one factor to be considered in reasonableness? And after all, the fee agreement here is not all that clear as to what happens when there's a discharge for cause. It doesn't explicitly say that you don't recover a fee. Right. That is one interpretation of the fee agreements, although I will note that Mr. Cox never urged the Board or the Veterans Court or this Court to interpret the fee agreements in a different way. So at this point, it's undisputed that as the Board side and the Veterans Court agreed, the fee agreement means that if an attorney is discharged for good and adequate cause, he is entitled to no fee. Okay. But so, not to make this too complicated, my question is basically can the Board say the fee agreement says X, that's the end of the matter as far as reasonableness is concerned, or does the Board have to say we take into account the fee agreement, but the fee agreement is not determined? Which of those two approaches is correct? I don't know if either one of those approaches is necessarily correct, but I will answer perhaps in a slightly different way. The first thing that you said, Judge Dyke, which is can the Board say the fee agreement says there's no fee here, so that's the end of the matter for reasonableness. We think that is entirely within the Board's purview to decide, because the fee agreement embodies a meeting of the minds, the relationship between the client and the attorney as both parties understood it. And so if the fee agreement says that the attorney is entitled to no fee, it is certainly within the Board's ability to say it would not be reasonable under these circumstances to give the attorney any fee based on the contractual relationship. Let me ask you a question that I don't know the answer to, I'm just curious here. So there's no doubt in the Veterans Court's opinion that they said expressly in three different places that I've identified, including on appendix page 20, that one could fairly call what the Board did here a reasonableness analysis, and that is summing up the Board's discussion of him being fired for good and inadequate cause. So the Veterans Court has analyzed the Board's decision and it categorized it as a reasonableness analysis. They didn't say the Board was exercising authority under a single factor or trying to enforce the settlement agreement or refusing to enforce the settlement agreement. They defined the Board as having performed a reasonableness analysis and said this look at the term in the settlement agreement was part of that reasonableness analysis. Okay. On appeal, do we accept that? Do we review that decision de novo? Do we give it just whatever persuasive weight it has based on how it's written? How does the Federal Circuit look to the Court of Veterans Appeals' decision that what the Board did here was in fact a reasonableness analysis as opposed to an enforcement of a settlement agreement? You may not know the answer because it popped in my head here, so it's not like nobody telegraphed it to you. But do you know whether or not we have the authority to look past or de novo consider the CAVC's statement about what the Board did? To be honest, Chief Judge Moore, I don't know the answer to that. I'm happy to provide supplemental briefing on it. I'm just thinking we're limited. We don't have the ability to review facts, right? And so whether the Board's analysis was in fact a reasonableness analysis to some extent feels like a factual question to me. But I'm not sure. I don't know. I don't know. Reasonableness feels like the kind of thing that someone would say was factual. But this isn't about the underlying merits of whether it was or wasn't reasonable so much as it's a question of did they conduct a reasonableness analysis. I don't know the answer. I'm just wondering if that question is within our jurisdiction because is it factual? I mean, the CAVC said this was done in a reasonableness analysis. You don't have an answer for me, do you? I don't have an answer for you, unfortunately. That's better than you offering me an off-the-cuff answer. I appreciate that. I'm happy to provide supplemental briefing, as I said. I do want to point out. Do we have to do it? Is this a jurisdictional problem for us? Do we have to get into it? Mr. Carpenter isn't challenging. Here, the board's authority, even if it is a matter of enforcing an agreement. He's saying if the old regime applies, the only thing that was wrong was that there was an improper application of a presumption of reasonableness. He made quite clear in his brief and he made quite clear in our argument that this whole question of whether the board is authorized, in essence, to do an enforcement, he's not challenging that. You're not challenging that. Do we have to reach that issue? We don't think so, Your Honor, if that's the way the court interprets. I'm describing this whole discussion. In my mind, this is the state's issue. You're deciding not the reasonableness but the enforceability. Right. So why isn't that a jurisdictional question as to the extent of the board's jurisdiction? It might be. It might be. And as we pointed out in our brief. Can I finish for a second? Assume it is. Sure. Assume it's a jurisdictional question. And so we reach it. And if we decide that, I mean, if the board lacks jurisdiction, we have jurisdiction to decide jurisdiction, correct? Yes. So we can decide this initial issue about whether the board had jurisdiction. No, that issue wasn't raised. Isn't there a difference? We can decide our own jurisdiction sui sponte, but isn't there an obligation for someone to raise whether a lower tribunal had jurisdiction? That's not something we get to do sui sponte, correct? I think that's correct, Chief Judge Moore. I also thought. I don't want to stick with this because if that's the case, then the issue isn't in front of us. It's only if we can get back if the possible lack.  Because the board didn't have any authority to do what he asked it to do. And that was the triggering event, right? That would be the triggering event on the wrong order. Right, but I think Chief Judge Moore is correct. Because in the order of things, if the board lacked jurisdiction, then the CAVC lacked jurisdiction. If it's true that there was no jurisdiction in the board here, then when this case came from Judge Greenberg's remand back up to the board, instead of writing the elegant opinion in it, they should have said there's no jurisdiction. It's over. I think if you look, you'll find plenty of district court cases coming to the Court of Appeals where the courts of appeals say there's no district court jurisdiction. We have an obligation to determine that. So I have two things to say about that, Judge Clevenger. The first one is I don't necessarily agree that if we assume the old regime applies, then Judge Greenberg's opinion was incorrect in the case that preceded this one, and the board no longer had it. Well, it would depend on how we answer this question of authority to enforce the agreement. Not necessarily, because, again, the board also has appellate jurisdiction under 7104 and 511. So the remand by Judge Greenberg to the board could have been a remand to the board in its appellate capacity. Because recall, in 2013, there was an RO decision giving Mr. Cox a 20% fee. So it could have been a remand to the board to make a determination as an appellate body of whether the RO's initial decision from 2013 was correct. So I don't necessarily think there's an issue of the board's jurisdiction, even under the old regime. Even though the only ground on which the BVA would be reviewing the board decision, the RO decision would be on this enforceability question. Right. Because there's no dispute on the facts. That's correct. Chief Judge Moore, if I can say one final thing. You mentioned that the Veterans Court said that the board made this determination as part of reasonableness. All I want to point your attention to is page 311 of the joint appendix. This is part of the board's decision below. And if you look at this discussion of, you know, the relationship between the parties and the fee agreement and the good and adequate cost provision, it all comes under the heading of reasonableness of attorney fees. So it does look as if the board made this as part of its reasonableness determination. But, again, unfortunately— Absolutely. Absolutely. Didn't the board decision say we don't have to look at reasonableness? The board said— The board decision said, you know, he's not entitled to any money because of the provisions on the quantum merit. Absolutely. And so we don't have to look at reasonableness. I thought the board's decision actually said that. It did. It did. And that's our point. The board looked at reasonableness. That's what it was supposed to look at. It decided that Mr. Cox—it would be unreasonable to give Mr. Cox any fee. That's how you interpret that language in the opinion. That's correct. That's correct. Okay. Thank you, Mr. Kushner. Thank you. Mr. Carpenter, you have some rebuttal time. I just want to clarify a matter, and that is that the original appeal was Mr. Brinkley's appeal. The VA agreed that Mr. Cox was entitled to the fee. What was appealed by Mr. Brinkley was that determination that he was not entitled to a fee. That appeal went to the board in 2015, which was the appeal that Judge Greenberg ruled upon. In that appeal, Mr. Brinkley was the appellant, and Mr. Cox was the intervener. As a result of Judge Greenberg's decision and the ultimate decision on remand by the board, the roles of the party were reversed, and Mr. Cox had to become the appellant on a case that he never appealed. And so he was going back on a case that he had won in 2015 in order to find out in 2019 that that victory had been taken away from him. That victory wasn't taken away from him, but if it were, your chance to argue that sort of has passed because the prior Veterans Court, which we affirmed, remanded expressly for the board in the context of the reasonable analysis to look at this very clause, the good cause clause. So you can't come to me now and argue that it's improper for the board to have done that because that's exactly what the subject of the prior case was that resulted in us affirming the remand. I was bringing it only to the attention of the court based upon the colloquy with the government about what the issue is in this matter, and I'm simply trying to explain that the issue in terms of the original appeal got changed, and my client became the appellant instead of the intervener in a case in which he had prevailed before the agency and before the board. That's the only point that I was trying to make with that, and unless there's further questions by the court, I will sit there. Okay. I thank both counsel for their argument. This case is taken under submission.